**Ammar Sabah TOBIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71501.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 [*].

Filed July 19, 2007.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas D. Nelson, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Paisner, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Ammar Sabah Tobia, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' order adopting and affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny in part, grant in part and remand.

■ Substantial evidence supports the IJ's and BIA's adverse credibility determination because Tobia's testimony was internally inconsistent regarding the number of threats that he received and where he was living prior to fleeing Iraq. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Because Tobia fails to establish eligibility for asylum, he also fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ Substantial evidence does not support the IJ's denial of CAT relief because the IJ failed to consider all of the relevant evidence, including the country reports, in assessing whether, as a Chaldean Christian, it is more likely than not that Tobia will be tortured if removed to Iraq. *See* 8 C.F.R. § 208.16(c)(3); *see also Kamalthas v. INS*, 251 F.3d 1279, 1282–84 (9th Cir. 2001). Accordingly, we remand to the agency to consider whether, in light of the country conditions, Tobia is eligible for CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

ed by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.